

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DENNIS HOOD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0109 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION
### FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DENNIS HOOD. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

### I.
### PROCEDURAL HISTORY

On January 14, 2003, a judgment of guilt for the offense of aggravated sexual assault of a child under the age of 14 years was entered against petitioner by the 181st Judicial District Court of Potter County, Texas. Petitioner was sentenced to life imprisonment in the Texas Department of Criminal Justice, Institutional Division.[1] *See State v. Hood*, Cause No. 45,506-B. On March 23, 2004, the Seventh Court of Appeals affirmed petitioner's conviction. *Hood v. State*, No. 07-02-

---

[1] Petitioner was previously convicted of this same offense in July 1996. However, the Seventh Court of Appeals reversed petitioner's conviction and remanded the case for a new trial. *Hood v. State*, 944 S.W.2d 743 (Tex. App.–Amarillo 1997).

HAB54\R&R\HOOD-109.SOL:3

0524-CR (Tex. App.–Amarillo 2004). On January 18, 2006, the Texas Court of Criminal Appeals affirmed the court of appeals decision. *Hood v. State*, 185 S.W.3d 445 (Tex. Crim. App. 2006). On January 8, 2007, the United States Supreme Court denied petitioner's petition for a writ of certiorari. *Hood v. Texas*, 127 S.Ct. 927, 166 L.Ed.2d 714 (2007).

On January 3, 2008, petitioner filed an application for a state writ of habeas corpus in Cause No. 45,506-B challenging his conviction and sentence. On May 7, 2008, the Texas Court of Criminal Appeals denied petitioner's application without written order. *Ex parte Hood*, Application No. WR-13,498-07.

Petitioner attests he placed the instant federal habeas corpus application in the institution mail system on May 15, 2008. In his application, petitioner alleges his confinement pursuant to his Potter County conviction and sentence is in violation of the Constitution and laws of the United States because (1) the grand jury foreman's signature was forged on the second indictment; (2) petitioner received ineffective assistance of counsel at trial;[2] and (3) petitioner received ineffective assistance of counsel on appeal. The instant application was received by and filed with this Court on May 19, 2008.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[2] Petitioner alleges thirteen separate grounds of ineffective assistance by his trial counsel and one ground of ineffective assistance of counsel by his appellate counsel. Because this recommendation does not reach the merits of petitioner's allegations, the separate allegations of ineffectiveness are not enumerated.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, barring a tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2), a petition filed even one day after the limitations period has run cannot be considered by this Court.[3]

Petitioner's claims relate only to the validity of his January 13, 2003, conviction. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the

---

[3]When extraordinary circumstances are presented, federal habeas courts may equitably toll the statute of limitations. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's life sentence on January 14, 2003. Petitioner timely filed his direct appeal, and his conviction was affirmed on March 23, 2004. Petitioner then timely petitioned the Texas Court of Criminal Appeals for discretionary review of the intermediate appellate court's decision. On January 18, 2006, that court affirmed the lower court's decision. Finally, petitioner petitioned the United States Supreme Court for a writ of certiorari, which the Supreme Court denied on January 8, 2007. Because petitioner diligently pursued appellate review of his conviction, the conviction did not become final until the Supreme Court denied certiorari on January 8, 2007. Any federal habeas application challenging his state conviction and sentence was thus due on or before January 8, 2008.

On January 3, 2008, petitioner filed, with the state trial court, his state habeas application challenging his conviction and sentence. Petitioner's application was denied on May 7, 2008. *In re Hood*, No. WR-13,498-07. Such filing statutorily tolled the expiration of the January 8, 2008, deadline for filing a federal habeas application for 126 days (from January 3, 2008, through May 7, 2008). The new deadline for filing a federal habeas application was thus extended to May 13, 2008.

Petitioner placed his federal habeas application in the prison mail system on May 15, 2008, and the petition was received and filed of record on May 19, 2008. Consequently, petitioner's federal habeas application is time barred.[4] Under the AEDPA, there is no *de minimis* exception to the statute of limitations, *i.e.*, there is no exception for petitions filed within days of the deadline. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

III.

---

[4] Although petitioner missed the deadline by only two days, this Court is still barred from reviewing the merits of petitioner's application by the statute of limitations. Nothing in petitioner's federal application alleges such extraordinary circumstances as would permit an equitable tolling of the limitations period.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DENNIS HOOD be DISMISSED as time barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of June 2008.

                                            CLINTON E. AVERITTE
                                            UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).