IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



DENNIS HOOD, §
 §
Petitioner, §
 §
v. § 2:08-CV-0109
 §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
Respondent. §

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, and DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the federal habeas corpus application filed by petitioner DENNIS HOOD. On June 19, 2008, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that the instant habeas application be dismissed as time barred. On July 2, 2008, petitioner filed objections to the Magistrate Judge's Report and Recommendation, claiming he was entitled to equitable tolling of the statute of limitations.

On July 3, 2008, the Magistrate Judge issued an Order to Show Cause, which instructed respondent to respond to petitioner's claim that the statute of limitations should be equitably tolled. On July 22, 2008, respondent filed his response, stating petitioner was not entitled to equitable tolling in light of petitioner's waiting 360 days to file his state habeas corpus action, thus leaving only five days in which to file his petition for federal habeas corpus relief once his state habeas petition was denied. On July 31, 2008, petitioner filed a reply, stating he was diligently pursuing state habeas corpus relief during the 360 days, but was delayed in filing by attempts to obtain assistance from counsel and by a lag in receiving court records. Petitioner did not state why he failed to protectively file a federal habeas corpus action in light of the limited time he had remaining

on the federal statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813, 161 L.Ed.2d 669 (2005) ("A prisoner seeking state postconviction relief might avoid [being time barred in federal habeas proceedings] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.").

The undersigned United States District Judge has made an independent examination of the record in this case. In order to be eligible for equitable tolling, a petitioner must show (1) he has diligently pursued his rights *and* (2) some extraordinary circumstance stood in the way of his timely filing. *Pace,* 544 U.S. at 418, 125 S.Ct. at 1814. Petitioner has not shown he diligently pursued his rights, nor has he shown the existence of any extraordinary circumstance that would entitle him to an equitable tolling of the statute of limitations. By his reply, petitioner asserts little more than the delay that every habeas petitioner faces in researching and preparing a petition for habeas relief as a *pro se* litigant and the delay a petitioner should expect in receiving notice through the mail. Thus, petitioner is not entitled to equitable tolling. Consequently, petitioner's objections are without merit and are hereby OVERRULED. The Magistrate Judge's Report and Recommendation is hereby ADOPTED and the petition for a writ of habeas corpus is hereby DISMISSED.

IT IS SO ORDERED.

ENTERED this _7th_ day of _August_ 2008.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE